# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Martez Griffin,**
**Petitioner Below, Petitioner**

**v.) No. 23-412** (Kanawha County 21-P-435)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Martez Griffin appeals the June 6, 2023, order entered by the Circuit Court of Kanawha County that denied his second petition for a writ of habeas corpus.[1] On appeal, the petitioner argues that the circuit court erred in denying his claims of ineffective assistance of habeas counsel. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision affirming the circuit court order is appropriate. *See* W. Va. R. App. P. 21(c).

In March 2016, a grand jury indicted the petitioner for first-degree robbery and felony murder after the petitioner hit the victim, Bryson Ward, with a large rock and took heroin and $11,000 in cash from him. After attempting to escape out of a ninth-floor window during the incident, Mr. Ward died. In May 2016, the petitioner entered into a binding plea agreement in which he pled guilty to first-degree robbery and acknowledged that, in return, he would receive a sentence of sixty years of imprisonment and the State would dismiss the felony murder charge. The circuit court then sentenced the petitioner to serve sixty years of imprisonment. The petitioner appealed, arguing that the court imposed a disproportionate sentence and that he received ineffective assistance of counsel. This Court affirmed the petitioner's sentence in *State v. Griffin* ("*Griffin I*"), No. 16-0594, 2017 WL 2492799 (W. Va. June 9, 2017) (memorandum decision).

In October 2017, the petitioner filed his first petition for a writ of habeas corpus, and his habeas counsel, Elizabeth Kavitz, filed an amended petition. During the omnibus hearing on this petition, the petitioner testified about the "*Losh* list"[2] of habeas grounds that he raised or waived.

---

[1] The petitioner appears by counsel Ronald N. Walters Jr. The State appears by Attorney General John B. McCuskey and Assistant Solicitor General Caleb Seckman. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See Losh v. McKenzie*, 166 W. Va. 762, 768, 277 S.E.2d 606, 611 (1981) (opining that habeas counsel "should at a minimum, discuss" certain specified grounds for habeas relief).

1

The circuit court ultimately denied the first amended petition, finding that the "petitioner understood that any issue (with very limited exception) not raised" during the initial habeas corpus proceedings "was waived for any future post-conviction proceeding in either state or federal court." The petitioner appealed the circuit court's ruling that his trial counsel was not ineffective, and this Court affirmed the circuit court's denial of the petitioner's first habeas petition in *Griffin v. Williams* ("*Griffin II*"), No. 19-0688, 2021 WL 659528 (W. Va. Feb. 19, 2021) (memorandum decision).

Then, the petitioner filed a second petition for a writ of habeas corpus alleging ineffective assistance of habeas counsel, and his counsel for the second habeas proceeding filed an amended petition. This petition alleged that Ms. Kavitz was ineffective because she did not adequately investigate the petitioner's case to ensure that he knowingly and intelligently waived the following grounds: 1) mental competency at the time of the crime, 2) denial of counsel,[3] 3) the grand jury did not follow proper procedure, 3) prejudicial joinder of defendants, and 5) excessive sentence. The petitioner also claimed that Ms. Kavitz should have argued that trial counsel was ineffective because he did not respond to a motion filed by the State to exclude evidence that Mr. Ward sexually assaulted the petitioner's girlfriend/co-defendant, and did not adequately investigate "potentially exculpatory evidence . . . ." Further, the petitioner argued that Ms. Kavitz was ineffective for failing to allege ineffective assistance of appellate counsel, failing to request the grand jury transcript to challenge the felony murder charge, failing to adequately communicate with the petitioner regarding his habeas grounds, and failing "to raise a cumulative error argument . . . ."

At a hearing on the second habeas petition, the petitioner testified that he did not fully understand some of the issues that he waived in his first habeas petition, and he included those issues in his second petition. However, the petitioner admitted that, before the first omnibus hearing, he reviewed "all 53 grounds of the *Losh* list" with Ms. Kavitz. The petitioner also indicated that, when he discussed the *Losh* list with Ms. Kavitz, "it was pretty much set in stone what we would bring up"; she indicated that she had a "game plan" for the grounds that she planned to argue in the petition; and the remaining grounds in the list were "pretty much irrelevant." Ms. Kavitz also testified at the hearing and stated that she met with the petitioner "several times" to discuss his case. When she reviewed the petitioner's *Losh* list with him, Ms. Kavitz testified that she advised him about the claims she thought were "viable," and those that "were not likely to succeed."

After the hearing, the circuit court entered an order denying the second amended petition. The court found that during his first omnibus hearing, the "[p]etitioner stated he understood any ground not raised was waived and further waived issues with which due diligence could have been raised." Consequently, the court ruled that the only cognizable claim in his second petition was ineffective assistance of habeas counsel, and each of the grounds the petitioner claimed he would have asserted had he been more fully apprised could "not be raised again in this action, even under the guise of ineffective assistance of habeas counsel." Nevertheless, the court addressed whether the petitioner received ineffective assistance by Ms. Kavitz's failure to raise the additional grounds, concluding that the petitioner did not. First, the court ruled that Ms. Kavitz was not ineffective by failing to argue that trial counsel was ineffective because the petitioner did not raise

---

[3] The petitioner argued that he was denied counsel because he tried, but failed, to "fire" his court-appointed trial attorney due to a "[l]ack of communication."

his mental competency at the time of the crime, his guilty plea "waived all defenses[,]" and the petitioner presented no evidence to support this claim. Second, the court rejected the petitioner's denial of counsel claim because it appeared "to be predicated upon the issue of the [p]etitioner's mental competency at the time of trial," and the petitioner waived this ground in his first omnibus hearing. The court also pointed out that "at the plea hearing, and in the plea papers, the petitioner stated that he was satisfied with trial counsel[,]" and concluded that the petitioner failed to demonstrate that "better" communication with Ms. Kavitz would have led to a different result in his first habeas case. Third, the court ruled that the petitioner's challenge to the grand jury was barred by the doctrine of res judicata because it addressed that issue in the first habeas proceeding. The court further ruled that Ms. Kavitz was not ineffective for failing to obtain the grand jury transcripts because there was no evidence that the grand jury was "improperly directed" to return a murder indictment, and the petitioner did not demonstrate that he was prejudiced. Fourth, the court ruled that the petitioner failed to "contend there was harm from the joinder of defendants in the indictment, [and] this is a mere recitation of grounds, without any supporting evidence and subject to summary dismissal"; thus, Ms. Kavitz was not ineffective for omitting this ground from the first habeas petition. Fifth, the court ruled that the petitioner's complaint about his sentence was barred by the doctrine of res judicata because this issue was decided in *Griffin I*. The petitioner appeals from the circuit court's order denying his second habeas petition and challenges the court's rulings that he waived the above-listed grounds, and that Ms. Kavitz did not provide ineffective assistance of counsel in his first habeas proceeding for failing to pursue those grounds.

We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Upon our review, we conclude that the circuit court thoroughly considered and addressed each of the petitioner's claims. Moreover, the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 22, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

3